Lakeland W. Capital XI, LLC v Uvino (2020 NY Slip Op 51419(U))

[*1]

Lakeland W. Capital XI, LLC v Uvino

2020 NY Slip Op 51419(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-982 S C

Lakeland West Capital XI, LLC,
Petitioner-Respondent, 
against
Joseph Uvino and Wendy Uvino, Tenants-Respondents, and Robert
Shepherd and Karen Shepherd, Appellants. 

Esseks, Hefter, Angel, Di Talia & Pasca, LLP (Amanda Star Frazer and Anthony C. Pasca
of counsel), for appellants.
Kathryn M. Dalli of counsel, for petitioner-respondent.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP (Kathryn M. Dalli of counsel),
for tenants-respondents.

Appeal from an order of the Justice Court of the Town of East Hampton, Suffolk County
(Steven Tekulsky, J.), entered January 2, 2019, and from a judgment of that court entered
February 4, 2019. The order, in a summary proceeding commenced pursuant to RPAPL 713 (5),
denied occupants' motion to vacate a final judgment awarding petitioner possession and the
principal sum of $121,572, entered September 20, 2017 and, in effect, amended September 27,
2017 upon occupants' failure to appear or answer the petition, and, upon such vacatur, to dismiss
so much of the petition as was asserted against them and for restitution, and granted petitioner's
cross motion for additional use and occupancy. The judgment, entered pursuant to so much of the
January 2, 2019 order as granted petitioner's cross motion for additional use and occupancy,
awarded petitioner the principal sum of $52,470.32.

ORDERED that so much of the appeal as is from so much of the January 2, 2019 order as
granted petitioner's cross motion for additional use and occupancy is dismissed as the right of
direct appeal therefrom terminated with the entry of the February 4, 2019 judgment (see
Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further,
ORDERED that so much of the January 2, 2019 order as denied occupants' motion to vacate
the final judgment entered against them on September 20, 2017 and, in effect, amended
September 27, 2017 and, upon such vacatur, to dismiss the petition and for restitution is reversed,
[*2]without costs, and occupants' motion is granted and petitioner
is directed to pay occupants restitution in the sum of $126,278.92 within 30 days of the date of
the date of this decision and order; and it is further,
ORDERED that the judgment entered February 4, 2019 is reversed, without costs, so much
of the January 2, 2019 order as granted petitioner's cross motion for additional use and occupancy
is vacated, and petitioner's cross motion is denied.
Petitioner commenced this summary proceeding in August 2017 against the former owners
of the subject property, as well as the former owners' tenants (occupants) for the 2017 summer
season, based upon a referee's deed obtained by petitioner after a foreclosure sale (see
RPAPL 713 [5]). Occupants paid the rent for the entire summer season to the former owners
prior to the commencement of the lease, and never made any payments to petitioner.
Insofar as is relevant to this appeal, a final judgment awarding petitioner possession and the
sum of $121,572, representing use and occupancy, was entered on September 20, 2017 and, in
effect, amended September 27, 2017 upon occupants' failure to appear or answer the petition, and
occupants paid the sum of $126,278.92 in full satisfaction of the judgment. Occupants moved to
vacate the default final judgment (see CPLR 5015 [a]) and, upon such vacatur, to dismiss
so much of the petition as was asserted against them (see CPLR 3211 [a] [7]) and for
restitution (see CPLR 5015 [d]), and petitioner cross-moved to recover additional use and
occupancy from occupants. The Justice Court denied occupants' motion, stating that occupants
had failed to demonstrate a meritorious defense to the proceeding, and granted petitioner's cross
motion. A second judgment, awarding petitioner the principal sum of $52,470.32, was entered on
February 4, 2019.
The lease with the former owners, upon which occupants' defense to this proceeding is
based, was signed many years after a notice of pendency was filed in connection with the
foreclosure action (see CPLR 6501). Consequently, occupants were bound by the
judgment of foreclosure, thereby rendering their lease for the 2017 summer season voidable at
the option of petitioner, the new owner (see West 56th & 57th St. Corp. v Pearl, 242
AD2d 508 [1997]; BH 2628, LLC v
Zully's Bubbles Laundromat, Inc., 57 Misc 3d 63 [App Term, 2d Dept, 2d, 11th, &
13th Jud Dists 2017]). A voidable lease becomes void once the option of voiding it is exercised
(see Matter of Fresh Meadows Jewish Ctr. [Gordon], 75 AD2d 814 [1980]). In order to
properly maintain a RPAPL 713 (5) proceeding against occupants under these circumstances,
petitioner needed to void the lease (see BH 2628, LLC, 57 Misc 3d 63). Petitioner has not
argued or alleged that it voided the lease, and the record demonstrates that it did not prior to the
commencement of this proceeding.
Occupants have demonstrated that they had a reasonable excuse for their default in appearing
or answering the petition, and petitioner's failure to void the lease prior to the commencement of
this proceeding is both a meritorious defense to the proceeding, requiring the vacatur of the
default final judgment (see CPLR 5015 [a] [1]), and a basis for the dismissal of the
petition (see CPLR 3211 [a] [7]). Since petitioner cannot recover possession from
occupants in this proceeding, it is also not entitled to recover use and occupancy (see Esposito v Larig, 52 Misc 3d
67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Thus, the branch of
occupants' motion seeking restitution should have been granted (see CPLR 5015 [d]) and
landlord's cross motion for additional use and occupancy should have been denied.
Accordingly, so much of the January 2, 2019 order as denied occupants' motion to vacate the
default final judgment entered against them, as in effect, amended and, upon such vacatur, to
dismiss the petition and for restitution is reversed, occupants' motion is granted, the petition is
dismissed, petitioner is directed to pay occupants restitution in the sum of $126,278.92 within 30
days of the date of the date of this decision and order, the judgment entered February 4, 2019 is
reversed, so much of the January 2, 2019 order as granted petitioner's cross motion for additional
use and occupancy is vacated, and petitioner's cross motion is denied.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020