Action Pool Care, LLC v Storm (2020 NY Slip Op 51418(U))

[*1]

Action Pool Care, LLC v Storm

2020 NY Slip Op 51418(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-667 S C

Action Pool Care, LLC, Appellant, 
against
Jennifer Storm, Respondent. 

Farrell Fritz, P.C. (Jason S. Samuels and Joseph J. Sawczak of counsel), for appellant.
F.J. Romano & Associates, P.C. (Frank J. Romano of counsel), for respondent.

Appeal from an order of the Suffolk County Court (C. Stephen Hackeling, J.), dated October
30, 2018. The order, insofar as appealed from, denied plaintiff's motion for summary judgment
and, upon searching the record, granted summary judgment to defendant on the issue of liability
on her breach of contract counterclaim.

ORDERED that the order, insofar as appealed from, is modified by deleting the provision
granting, upon a search of the record, summary judgment to defendant on the issue of liability on
her breach of contract counterclaim; as so modified, the order, insofar as appealed from, is
affirmed, without costs.
In September 2014, plaintiff, a swimming pool installer, and defendant entered into a
contract pursuant to which plaintiff was to construct a custom in-ground pool at defendant's
residence. In August 2015, defendant terminated the contract. In January 2016, plaintiff
commenced this action to recover damages based on breach of contract, unjust enrichment, and
quantum meruit. In defendant's answer, she asserted, among other things, a counterclaim for
breach of contract. Plaintiff moved for summary judgment. By order dated October 30, 2018,
insofar as appealed from, the County Court denied plaintiff's motion and, upon searching the
record, granted summary judgment to defendant on the issue of liability on her breach of contract
counterclaim.
"[T]he proponent of a summary judgment motion must make a prima facie showing of
entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the
absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324
[1986]). Here, plaintiff's submissions in support of its motion included only an attorney's
affirmation, defendant's handwritten list of alleged damages, copies of the complaint, the parties'
contract, and [*2]a subsequent change order. The record
presented questions of fact as to whether and to what extent plaintiff performed under the
contract, and the value of the work, labor and services performed, and materials furnished, by
plaintiff. As plaintiff failed to demonstrate the absence of such triable issues of fact, its motion
was properly denied.
However, the County Court erred in searching the record and awarding summary judgment
to defendant. There are triable issues of fact that preclude such an award to defendant (see
generally Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med.
Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the order, insofar as appealed from, is modified by deleting the provision
granting, upon a search of the record, summary judgment to defendant on the issue of liability on
her breach of contract counterclaim.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020